# Exhibit A

## IN THE IOWA DISTRICT COURT IN AND FOR DES MOINES COUNTY

| | | |
|---|---|---|
| **KANE SHERMAN,** | * | Civil No. _____ |
| Plaintiff, | * | |
| v. | * | **PETITION AT LAW** |
| | * | **& JURY DEMAND** |
| **AMERICAN ORDNANCE LLC,** | * | |
| Defendant. | * | |

**COMES NOW** the Plaintiff, Kane Sherman, by and through his attorney, LeGrant Law Firm, P.C., and for his cause of action against Defendant American Ordnance LLC states as follows:

### JURISDICTION & VENUE

1. The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Des Moines County.

2. The unlawful employment practices alleged below have been committed within Des Moines County, State of Iowa.

### PARTIES

3. The Plaintiff, Kane Sherman, is a citizen and resident of Burlington, Des Moines County, Iowa.

4. Upon information and belief, Defendant American Ordnance LLC ("AO") is a limited liability company authorized to conduct business in Iowa, with its principal place of business in Middleton, Des Moines County, Iowa.

E-FILED 2020 AUG 17 2:56 PM DES MOINES - CLERK OF DISTRICT COURT

## CONDITIONS PRECEDENT

5. Sherman filed, within 300 days from the date of the last act of discrimination of which he complains herein, a charge of discrimination against AO with the Equal Employment Opportunity Commission.

6. On June 8, 2020, the Equal Employment Opportunity Commission issued to Sherman a Notice of Right to Sue, a true and accurate copy of which is attached hereto as Exhibit 1.

## COUNT I
### Failure to Accommodate/Disability Discrimination
### Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq. (as amended)

7. Sherman incorporates by reference all preceding paragraphs as if set forth fully herein.

8. AO is, and was at all times material hereto, an employer subject to the ADA.

9. AO employed Sherman as a security guard from October 2016 until the termination of his employment on or about August 2, 2019.

10. Sherman suffers, and at all times material hereto suffered, from bilateral chronic exertional compartment syndrome of his lower legs.

11. Sherman's condition (bilateral chronic exertional compartment syndrome of his lower legs) substantially limits him in one or more major life activities.

12. Sherman's condition (bilateral chronic exertional compartment syndrome of his lower legs) constitutes an actual disability under the ADA.

13. Alternatively, AO perceived that Sherman suffered from a disability under the ADA.

14. AO requested that Sherman take a physical agility test.

15. On or around May 1, 2019, Sherman requested an accommodation of using a stationary bike to satisfy the physical agility test.

16. AO denied Sherman's requested accommodation on or around June 30, 2019.

17. Sherman's requested accommodation was reasonable and did not present any undue hardship to AO.

18. AO failed to make reasonable efforts to identify any other accommodation for Sherman.

19. With a reasonable accommodation, Sherman was qualified to perform the essential functions of his position with AO.

20. AO failed to reasonably accommodate Sherman or otherwise engage in an interactive process in good faith to identify a reasonable accommodation for him.

21. As a direct result of its failure to reasonably accommodate Sherman, AO terminated his employment.

22. AO's conduct violates the ADA.

23. As a proximate cause of AO's unlawful conduct, Sherman has suffered damages.

24. Because AO engaged in intentional discrimination with malice or with reckless indifference to Sherman's federally protected rights, Sherman is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Kane Sherman, asks that this Court enter judgment against Defendant American Ordnance LLC and award him damages for lost wages and benefits, emotional distress/mental anguish, compensatory relief, punitive damages, reasonable attorney fees, equitable relief, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

E-FILED 2020 AUG 17 2:56 PM DES MOINES - CLERK OF DISTRICT COURT

## JURY DEMAND

25. Sherman hereby demands a trial by jury in this matter.

Respectfully Submitted,

**LeGRANT LAW FIRM, P.C.**

By /s/ Andrew L. LeGrant
Andrew L. LeGrant     AT0008908
2900 100th Street, Suite 304
Urbandale, Iowa 50322
Telephone: (515) 331-6500
Facsimile: (855) 331-6509
Email: alegrant@legrantlaw.com

ATTORNEY FOR PLAINTIFF

Original filed.

E-FILED 2020 AUG 17 2:56 PM DES MOINES - CLERK OF DISTRICT COURT

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kane W. Sherman<br>2513 Yoder Drive<br>Burlington, IA 52601 | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 443-2019-02182 | Aurora Cheong,<br>Enforcement Supervisor | (414) 662-3680 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Aurora Cheong
for Julianne Bowman,
District Director

06/08/2020
*(Date Mailed)*

Zachary Davis c/o American Ordnance
VP, Labor & Employment Counsel
Day & Zimmermann
1500 Spring Garden Street
Philadelphia, PA 19130

Andy LeGrant
LeGrant Law Firm
2900 100th Street, Suite 304
Urbandale, Iowa 50322

**EXHIBIT 1**